MEMORANDUM *
Joyce Lansford appeals the district court’s order upholding the administrative law judge’s (ALJ) denial of disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. We affirm.
The ALJ applied “ordinary techniques of credibility evaluation” in rejecting Lansford’s testimony as to the extent of her pain. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.1996). These techniques included consideration of evidence that Lansford had fabricated symptoms in the past, and the observation that Lansford was able to sit for 25 minutes during the administrative hearing despite testifying that she was incapable of sitting for longer than 15 minutes. The ALJ thus provided “specific, clear and convincing reasons” for rejecting Lansford’s testimony. Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir.2007) (internal quotation marks omitted).
Before rejecting the opinions of two treating doctors regarding Lansford’s functional limitations in favor of non-examining doctors’ opinions, the ALJ “set[ ] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[ed] his interpretation thereof, and [made] findings.” Reddick v. Chater, 157 F.3d 715, 725 (9th Cir.1998). This “conflicting clinical evidence” includes Dr. Myers’ reports that Lansford’s subjective complaints were inconsistent with objective findings, from which he concluded that Lansford’s decision not to work was “self-imposed.” Other evidence the ALJ cited includes: (1) Lansford’s treating doctors’ reports documenting her daily activities, including her performance of household chores; (2) her husband’s corroborating report that she helps with daily chores, including laundry, meal preparation and dishwashing; and (3) her April 2004 report to her treating doctors that she was self-employed. These constitute “specific, legitimate reasons that are based on substantial evidence in the record” for rejecting the treating doctors’ opinions. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir.2007) (internal quotations marks omitted).
Accordingly, the ALJ did not err by rejecting Lansford’s testimony about the severity of her symptoms or her treating doctors’ opinions as to her functional limitations. We therefore affirm.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.